## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**GARY ELLER**                                                                                          **PLAINTIFF**

**V.**                                              **NO. 1:14CV34-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Gary Douglas Eller has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

Mr. Eller alleged that he became limited in his ability to work by chronic obstructive pulmonary disease and hearing loss. (SSA record at 39-40, 70, 72) After conducting a hearing, the Administrative Law Judge[2] (ALJ) concluded that Mr. Eller had not been under a disability within the meaning of the Social Security Act at any time through March 8, 2013, the date of his decision. (*Id*. at 19) On February 24, 2014, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 5-7) Mr. Eller then filed his complaint initiating this appeal. (Docket #2)

Mr. Eller was 48 years old at the time of the hearing and lived with his wife. (SSA record at 422) He is a high school graduate and had past relevant work as a dishwasher and concrete finisher. (*Id*. at 18, 423) He stopped working because of absences from work due to shortness of breath. (*Id*. at 227)

The ALJ found that Mr. Eller had not engaged in substantial gainful activity since December 1, 2010, his alleged onset date. (*Id*. at 13) He found that Mr. Eller had "severe" impairments: chronic obstructive pulmonary disease, peptic ulcer disease, and bilateral hearing loss. (*Id*.) He further found that Mr. Eller did not have an impairment or combination of impairments that met or equaled a Listing. (*Id*. at 13-14) He judged that Mr. Eller's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not totally credible. (*Id*. at 15-17)

---

[2]The Honorable Charles Daniel Stripling.

Based on these findings, the ALJ concluded that Mr. Eller retained the residual functional capacity for light work, except the work must not require fine hearing, and he should avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. (*Id*. at 14-18)

Based on testimony from a vocational expert, the ALJ concluded that Mr. Eller could not perform his past relevant work, but that he could perform other jobs that existed in significant numbers in the national economy.[3] (*Id*. at 18-19) Thus, the ALJ concluded that Mr. Eller was not disabled. (*Id*. at 19)

**Opinion Evidence**

In his appeal of the ALJ's decision, Mr. Eller argues the ALJ erred by failing to address the residual functional capacity ("RFC") assessment of Veryl D. Hodges, D.O. (#12 at pp. 6-15)

Res judicata bars subsequent applications for disability insurance benefits and supplemental security income based on the same facts and issues the Commissioner previously found to be insufficient to prove the claimant was disabled. 20 C.F.R. §§ 404.957(c)(1), 365 416.1457(c)(1)); see also *Hillier v. Soc. Sec. Admin*., 486 F.3d 359, 364-65 (8th Cir. 2007)(citing *Robbins v. Sec'y of Health & Human Servs*., 895 F.2d 1223, 1224 (8th Cir. 1990) (per curiam)). If res judicata applies, "the medical evidence from

---

[3]The vocational expert identified two jobs a person with Mr. Eller's limitations could perform – production assembler and cashier II. (*Id*. at 19)

3

the initial proceeding cannot be subsequently reevaluated." *Id*. (citing *Bladow v. Apfel*, 205 F.3d 356, 360 n. 7 (8th Cir. 2000)).

Here, Mr. Eller previously applied for benefits on June 5, 2008, alleging a disability onset date of May 9, 2008. (SSA record at 79-85) The Commissioner denied Mr. Eller's first application at the initial and reconsideration levels, and, after a hearing, the ALJ denied his claims in an opinion dated November 30, 2010. (*Id.* at 27-38, 41-43, 65)

In his opinion denying benefits, the ALJ discussed Dr. Hodges's May 19, 2010 RFC assessment of Mr. Eller and rejected the opinion because it was inconsistent with the objective medical evidence and other evidence in the record. (*Id*. at 34) The appeals council denied review, and Mr. Eller did not appeal. (*Id*. at 20-22) The ALJ's decision became the Commissioner's final decision. Consequently, res judicata applies to Dr. Hodges's opinion, and the ALJ in this case did not err by not discussing the opinion, which could not be re-evaluated.

**Residual Functional Capacity**

Mr. Eller complains the ALJ erred by finding he was capable of a reduced range of light work. The ALJ must determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

To evaluate Mr. Eller's credibility, the ALJ followed the required two-step process and considered the required factors.[4] (SSA record at pp. 17-29)  See *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (July 2, 1996).  Thus, the question before the court is whether substantial evidence supports the ALJ's evaluation of Mr. Eller's credibility.

The ALJ may discount a claimant's complaints of pain if they are inconsistent with the evidence as a whole.  *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).  Here, the ALJ acknowledged Mr. Eller's complaints of shortness of breath when performing activities such as lifting, repetitive movement, walking, vacuuming, and carpentry.  (SSA record at 15-16)  The ALJ found, however, that the medical records did not support the severe limitations alleged by Mr. Eller.  (*Id*. at 14-17)  There is substantial evidence to support the ALJ's determination.

Bruce Randolph, M.D., performed a consultative examination on February 18, 2011.  (*Id*. at 227-237)  He administered a pulmonary function test and found that Mr.

---

[4]In considering the credibility of a claimant's subjective complaints, an ALJ must consider: (1) the claimant's prior work record; (2) observations by third parties and treating and examining physicians relating to such matters as: (a) the claimant's daily activities; (b) the duration, frequency and intensity of the pain; (c) precipitating and aggravating factors; (d) dosage, effectiveness and side effects of medication; and (e) functional restrictions.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Eller had a force vital capacity of 3.74 pre-bronchodilator and 4.69 post-bronchodilator, which was far better than the 1.55 required by the SSA to be disabling. Additionally, his forced expiratory volume in one second was 1.87 pre-bronchodilator and 2.72 post-bronchodilator, which was higher than the 1.35 required by the SSA to be disabling. (*Id*. at 233-37)  Dr. Randolph diagnosed chronic obstructive pulmonary disease, emphysema, hearing deficit, and asthma, and found that Mr. Eller had moderate limitation in his ability to stand, walk, lift, carry and hear. (*Id*. at 231)

Todd Rumans, M.D., performed an audiological consultative examination on June 7, 2011, and found that Mr. Eller had sensorineural hearing loss, asymmetrical and tinnitus. (*Id*. at 290)  He noted that Mr. Eller was a candidate for a hearing aid on the left and should avoid situations that require normal hearing for safety.

The medical records reveal that during the two year period at issue in this case, Mr. Eller sought treatment only once. See *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir.1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms).  In May, 2011, Mr. Eller was admitted to White River Medical Center where he was treated for gastroesophageal problems.  David Boile, M.D., performed a consultative examination and noted that Mr. Eller's breath sounds were severely decreased, but he suspected gastrointestinal problems as the cause for Mr. Eller's complaints. (*Id*. at 259)  An endoscopy revealed a histal hernia, but Mr. Eller's

esophagus, GE junction, stomach and duodenum were normal. (*Id*. at 263-65) His discharge diagnosis was histal hernia, GERD, chest pain, and high cholesterol. (*Id*. at 274)

The ALJ noted Alice Davidson, M.D.'s RFC assessment finding that Mr. Eller retained the ability to perform medium work with limitations on exposure to fumes, odors, dusts, gasses; to work sites with poor ventilation, and from jobs requiring excellent hearing. (*Id*. at 18, 296-303) But he rejected the opinion because the record had been supplemented with testimony and additional medical evidence after she performed her evaluation. (*Id.* at 18)

In addition to the medical evidence, the ALJ also properly evaluated Mr. Eller's activities of daily living. Mr. Eller reported being able to prepare complete meals several times a week, to do some cleaning, but not vacuuming or mopping; to make home repairs and move furniture; to shop three-to-four times a month; to handle his finances; to go to yard sales with a friend; to use a computer; to work in a wood shop and on vehicles; to help his disabled wife, and to help care for his wife's grandmother. (*Id*. at 17, 103-110, 429-31)

There is substantial evidence in the record as a whole to support the ALJ's RFC determination.

**Hypothetical**

Finally, Mr. Eller complains that the ALJ's hypothetical to the vocational expert did not encompass his breathing problems and hearing loss. "The hypothetical question must capture the concrete consequences of the claimant's deficiencies. However, the ALJ may exclude any alleged impairments . . . properly rejected as untrue or unsubstantiated." *Perkins v. Astrue*, 648 F.3d 892, 901–02 (8th Cir. 2011); see also *Lacroix v. Barnhart*, 465 F.3d 881, 889–90 (8th Cir. 2006) ("[T]he hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the 'concrete consequences' of those impairments.").

Here, the ALJ questioned a vocational expert about the availability of work for a person who could perform light work but could not perform a job where fine hearing is required and the individual must avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. (SSA record at 436-37) Because these limitations captured the concrete consequences of Mr. Eller's impairments, the ALJ's question was proper. The vocational expert found that Mr. Eller could perform work available in the national economy. (*Id*. at 437) Because such work existed, Mr. Eller was not disabled under social security disability law.

**Conclusion**

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401. The Commissioner's decision is not based on legal error.

The final determination of the Commissioner is AFFIRMED, and Mr. Eller's complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 13th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE